Thomas R. Brooksbank, Esq.
Nevada Bar No. 2674
Brooksbank & Associates
6451 South Virginia Street, #335
Reno NV 89511
(775) 329-5230

Attorney for Plaintiff

U.S. DISTRICT COURT
DISTRICT OF NEVADA
FILED

JAN 3 1 2006

CLERK, U.S. DISTRICT COURT

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ELVIS HERRERA,

      Plaintiff,

vs.

COMMERCIAL RECOVERY SYSTEMS,
INC., a Texas corporation,

      Defendant.

3:06-cv-00054

COMPLAINT AND DEMAND FOR JURY
TRIAL

Plaintiff, ELVIS HERRERA, (hereinafter "Herrera"), by and through his undersigned counsel, complains as follows against defendant COMMERCIAL RECOVERY SYSTEMS, INC., (hereinafter "CRS"):

## I. INTRODUCTION

1.     This is an action for actual, statutory and punitive damages brought by ELVIS HERRERA, an individual consumer against COMMERCIAL RECOVERY SYSTEMS, INC., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter referred to as "FDCPA") and the Nevada Deceptive Trade Practice Act (NRS Chapter 598) which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this

District is proper in that the defendant transacts business here or the conduct complained of occurred here.

### III. PARTIES

3.      Plaintiff, Herrera, is a resident of Nevada and is a "consumer" as defined by the FDCPA. 15 U.S.C. §1692a(3).

4.      Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., is a collection agency operating out of Dallas, Texas, in the business of collecting consumer debts.  Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTS

5.      Beginning in or about March, 2005, defendant began calling plaintiff at work attempting to collect a debt allegedly originally owed to TRANSSOUTH, a consumer vehicle finance company.

6.      Defendant called plaintiff at work several times per month, and each time plaintiff told defendant not to call him at work.

7.      In November, 2005, defendant's calls to plaintiff at work became abusive.

8.      On November 17, 2005, defendant called plaintiff at work.  Defendant demanded that plaintiff pay $750 immediately or defendant would have plaintiff "served with papers". Defendant then threatened plaintiff that if he would not pay immediately that defendant would "take your money".  Defendant then continued to yell at plaintiff and verbally abuse him until plaintiff hung up. Defendant then called plaintiff's place of employment and asked to speak with plaintiff's supervisor.  Defendant was transferred to Leonard Lewis.  Defendant verbally abused Mr. Lewis, telling him he was too "stupid" to be the owner of the business and hung up on him.

9.      Defendant then called back and the receptionist answered the phone.  The defendant again asked for plaintiff's supervisor.  The receptionist then told defendant that she had just spoken to Leonard Lewis, who was the owner and supervisor of plaintiff.  Defendant rudely responded, "He is STUPID!  You are STUPID!  I want to speak to someone who is not STUPID!  The receptionist hung up but defendant called plaintiff's place of employment two (2) more times.

## V. FDCPA VIOLATIONS

10.    In the course and scope of attempting to collect a consumer debt from the plaintiff, the defendant violated the FDCPA in the following respects:

(a)    Contacting the consumer at work in violation of 15 USC §1692c(a)(1) and 1692d. Pittman v. J.J. MacIntyre Co., 969 F.Supp. 609 (D.Nev. 1997).

(b)    Improperly discussing the consumer's debt with the plaintiff's supervisor, in violation of 15 USC §1692c(b).

(c)    Illegally contacting the consumer at work after being told to stop in violation of 15 USC §1692c(a)(3).

(d)    Engaging in repeated abusive calls to the consumer at work, harassing the receptionist and the consumer's supervisor in violation of 15 USC §1692d.

(e)    Making false, misleading and deceptive threats to plaintiff about the imminency of suit, the effects of suit, the intention to sue and the legal right to take plaintiff's money in violation of 15 USC §1692e.

11.    As a direct and proximate result of defendant's FDCPA violation, plaintiff is entitled to recover actual damages, statutory damages, attorney's fees and costs of suit.

## VI. STATE LAW CLAIMS

12.    The foregoing acts violated NRS Chapter 598 in the following respects:

(a)    knowingly making a false representation in a transaction in violation of NRS 598.0915(15);

(b)    knowingly conducting business without all required state, county or city licenses in violation of NRS 598.0923(1);

(c)    knowingly failing to disclose a material fact in violation of NRS 598.0923(2);

(d)   knowingly violating a state or federal statute or regulation in violation of NRS 598.0923(3).

(e)   knowingly using coercion, duress, or intimidation in a transaction in violation of NRS 598.0923(4).

13.   Plaintiff has a private right of action against the defendant in accordance with NRS 41.600.

14.   Defendant's violations of NRS 598 are statutorily defined as "consumer fraud" pursuant to NRS 41.600 entitling plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant as follows:

1.   For the FDCPA violations, actual damages, statutory damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k;

2.   For the NRS 598 violations, actual damages plus costs and attorney's fees;

3.   For punitive damages;

4.   For such other relief as deemed appropriate by this court.

DATED this _31_ day of January, 2006.

BROOKSBANK & ASSOCIATES

By _____
Thomas R. Brooksbank, Esq.
(775) 329-5230
Attorney for Plaintiff